OPINION
{¶ 1} Defendant, Milton Williams, appeals from his conviction and sentence for possession of heroin, possession of cocaine, and attempted tampering with evidence.
 {¶ 2} Dayton police obtained and executed a search warrant for drugs and related contraband at 1916 N. James H. McGee Boulevard, Apt. E, in Dayton. Defendant was named in that warrant. After police arrived on the scene, several people standing around outside began yelling "police and five-0." Officers made a forcible entry into the apartment. They discovered several people including Defendant, who ran into one of the bedrooms and shut the door. Officers outside watching the rear of the apartment observed a man, later identified as Defendant by the distinctive yellow and brown striped shirt he wore, drop a purse out of a second floor bedroom window. The purse was recovered and discovered to contain heroin, cocaine, marijuana and other drugs.
 {¶ 3} Police forced an entry into the bedroom into which Defendant had run. They found Defendant and a female inside the room. Police discovered crack cocaine and syringes under the chair cushion where the female was sitting. Two plates with heroin residue were also found in that bedroom. The female had $1,688 in cash on her person and Defendant had $3,667 in cash on his person. Numerous drugs, two loaded firearms, and a set of digital scales were found in various locations in the apartment.
 {¶ 4} Based upon his having dropped the purse containing drugs out of the bedroom window during the raid, Defendant was indicted on one count of possessing heroin (over ten but less than fifty grams), R.C. 2925.11(A); one count of possessing cocaine (powder form and over five grams but less than twenty-five grams), R.C. 2925.11(A); and one count of attempted tampering with evidence, R.C. 2923.02/2921.12(A)(1). Defendant was found guilty on all counts following a jury trial. The trial court imposed concurrent maximum sentences on each offense: eight years for possessing heroin, eighteen months for possessing cocaine and eighteen months for attempted tampering with evidence. The court also imposed fines and suspended Defendant's driver's license.
 {¶ 5} Defendant timely appealed to this court from his conviction and sentence.
 {¶ 6} First Assignment of Error
 {¶ 7} "The trial court erred when it imposed the maximum sentence of actual incarceration."
 {¶ 8} The trial court imposed maximum sentences for each of three felony offenses of which Defendant-Appellant was convicted, all of which arose out of the same incident. Therefore, he invokes our review as a matter of right. R.C 2953.08(A)(1)(b). Our standard of review is not the abuse of discretion standard. State v. Lofton, Montgomery App. No. 19852, 2004-Ohio-169; R.C. 2953.08(G)(2). Rather, we review the sentencing decision de novo. State v. Kershaw (1999), 132 Ohio App. 243. Applying that standard, we may increase, reduce, or otherwise modify a sentence only if we clearly and convincingly find either of two matters: (1) that the record does not support the required findings the trial court made, or (2) that the sentence is otherwise contrary to law. Statev. Furrow, Champaign App. No. 03-CA-19, 2004-Ohio-5272.
 {¶ 9} The trial court imposed the maximum prison term authorized for each offense and ordered that those sentences be served concurrently. Before imposing the longest prison term authorized for an offense, the trial court must make one of the findings set out in R.C. 2929.14(C). Pursuant to that statute, maximum sentences may only be imposed upon (1) offenders who commit the worst form of the offense, (2) offenders who pose the greatest likelihood of committing future crimes, (3) certain major drug offenders and (4) certain repeat violent offenders. In addition, the trial court must state its reasons for imposing a maximum sentence. R.C. 2929.19(B)(2)(d) and (e).
 {¶ 10} Defendant does not argue that the trial court failed to make the necessary statutory finding in R.C. 2929.14(C) in order to impose maximum sentences, or that it failed to give its reasons for that sentence pursuant to R.C 2929.19(B)(2)(d) and (e). Our review of the record confirms that the trial court did make two of the alternative findings in R.C. 2929.14(C), and gave its reasons for those findings.
 {¶ 11} Defendant argues that the record does not support the reasons the trial court gave for its finding that he had committed the worst form of the possession offenses of which he was convicted; that he is a drug dealer, evidenced by the fact that he had over $3,000 in cash on his person and four types of narcotics in his possession, that is, in the purse he discarded. Defendant argues that the court necessarily relied on facts that would support a discrete type of offense, trafficking in drugs, of which he was neither indicted nor convicted.
 {¶ 12} Except for the collateral purposes identified in Evid.R. 404(B), evidence of conduct which might constitute criminal offenses other than the particular offenses of which an accused was indicted is inadmissible to prove his guilt on those charges. The bar is grounded in the fundamental protections of constitutional due process. The same does not necessarily apply to the considerations the court brings to a sentencing decision, however.
 {¶ 13} A sentencing court is charged to be guided by the purposes and principles of sentencing in R.C. 2929.11 and R.C. 2929.12 when choosing from among a range of sentences it might impose. Also, and with respect to certain of these options, the court is required to make the findings required by R.C. 2929.14 and R.C. 2929.19 before it can impose a particular sentence. Those findings, and reasons which the court must give relevant to certain of them, implicate subjective judgments of a qualitative kind, such as whether the defendant committed the worst form of the offense or is likely to commit other offenses.
 {¶ 14} Whether certain statutory findings a court must make in order to impose a sentence must instead be found by a jury has been called into question. See Blakely v. Washington (2004), 642 U.S. ___, 124 S.Ct. 2531,159 L.Ed.2d 403. However, that is not the issue presented in this appeal. The issue presented is whether the court may rely on matters which do not involve the conduct from which a defendant's criminal liability resulted.
 {¶ 15} Criminal liability requires proof of a voluntary act or omission committed with a prescribed degree of culpability, which together the law expressly prohibits. R.C. 2901.21(A)(1) and (2). Those defined "elements" of a crime must be proved beyond a reasonable doubt in order for criminal liability to exist. However, other matters, though they are inadmissible to prove criminal liability, are not by the same token necessarily excluded from the court's consideration when it imposes a sentence. They need only be reasonably and logically related to the offense or offenses from which the accused's criminal liability resulted.
 {¶ 16} In the present case, the considerable cash Defendant had on his person and the heroin and cocaine he possessed and attempted to discard reasonably and logically demonstrate that he was in the business of selling such drugs. He was convicted of possession only, but possession of drugs in order to sell them to others, and not for one's own use, is the worst form of possession, particularly when the addictive and debilitating quality of the drugs concerned is especially virulent, as these are.
 {¶ 17} We cannot clearly and convincingly find that the record does not support the trial court's finding that Defendant was convicted of the "worst form of the offense(s)" of possession in violation of R.C.2925.11(A), which are reasonably and logically supported by the record. The same applies, on the same logic, to his conviction for tampering with evidence of such possession in violation of R.C. 2921.12(A)(1).
 {¶ 18} The trial court made two further findings to support the maximum sentences it imposed: that Defendant poses the greatest likelihood of reoffending, based on his record of convictions and his lack of remorse. Defendant points out that not all of his prior conviction were drug-related, and that approximately ten years had passed since his last conviction. That is not especially persuasive, inasmuch as a good amount of that time he spent in prison. As for his lack of remorse, Defendant's sole response to the court's allocution invitation was a sullen complaint about his attorney. (T. 249). His lack of remorse is manifest.
 {¶ 19} The first assignment of error is overruled.
 {¶ 20} Second Assignment of Error
 {¶ 21} "The evidence that appellant knowingly possessed heroine and cocaine in the specified amounts was insufficient as a matter of law."
 {¶ 22} Defendant argues that the evidence is legally insufficient to prove that he "knowingly" possessed heroin and cocaine because the evidence fails to demonstrate that he knew the types and amounts of drugs that were in the purse he threw out of the window.
 {¶ 23} A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. Thompkins, supra. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991),61 Ohio St.3d 259:
 {¶ 24} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 25} The requirements for criminal liability are (1) conduct that includes a voluntary act and (2) the requisite degree of culpability specified by the statute defining the offense. R.C. 2901.21(A)(1) and (2). Defendant was found guilty of violating R.C. 2925.11(A) which states: "no person shall knowingly obtain, possess or use a controlled substance."
 {¶ 26} "Knowingly" is defined in R.C. 2901.22(B):
 {¶ 27} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 28} "Possession" includes both actual and constructive possession and is defined in R.C. 2925.01(K):
 {¶ 29} "`Possess' or `possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."
 {¶ 30} "Controlled substance" is defined in R.C. 3719.01(C) and includes any drug, compound, mixture or substance included in Schedule I, II, III, IV, or V of the Revised Code.
 {¶ 31} R.C. 2925.11(A) defines the offense of possession of drugs, and evidence proving the offense is wholly sufficient to impose criminal liability because it includes both conduct encompassing a voluntary act, possession of a substance defined by law as a controlled substance, and the requisite degree of culpability, in this instance "knowingly." The further matters set forth in R.C. 2925.11(C), which identify the type and amount of controlled substance possessed, determine the degree of the offense, which is enhanced as the amount of controlled substance possessed increases, exposing Defendant to more onerous punishment.
 {¶ 32} Possession of both heroin and cocaine is generally a fifth degree felony. See: R.C. 2925.11(C)(6), 2925.11 (C)(4)(a). Here, however, because of the amounts of those drugs that Defendant possessed, between ten and fifty grams of heroin and between five and twenty-five grams of cocaine, not crack form, Defendant's possession offenses were a second degree felony, R.C. 2925.11(C)(6)(d), and a fourth degree felony, R.C. 2925.11(C)(4)(b), respectively.
 {¶ 33} The identity of the controlled substance and the amount of it possessed both determines the degree of the offense charged and elevates the punishment available for it. Therefore, due process requires the State to charge those matters specifically in the indictment and to prove the matters charged beyond a reasonable doubt at trial. State v. Allen
(1987), 29 Ohio St.3d 53; State v. Townsend (August 24, 2001), Montgomery App. No. 18670, 2001-Ohio-1485. Still, these matters are not elements of Defendant's criminal liability, which is wholly defined by R.C. 2925.11(A).
 {¶ 34} In proving knowing possession of a controlled substance in violation of R.C. 2925.11(A), the State is not required to prove that Defendant "knew" the specific characteristics of the items he possessed which made them controlled substances, or that the controlled substances he possessed were in particular amounts specified by R.C. 2925.11(C). It is sufficient that the State proves that Defendant knew or was probably aware that the items in his possession were articles that constitute controlled substances defined as such by law. Cf: State v. Jordan,89 Ohio St.3d 488, 2000-Ohio-225.
 {¶ 35} In arguing that the State was obligated to prove that Defendant knew the type and amount of drugs contained in the purse, Defendant relies upon State v. Allen (1999), 102 Ohio Misc. 2d 7. That reliance is misplaced. In Allen, the trial court had concluded that the evidence was legally insufficient to sustain defendant's conviction for violating R.C. 2925.11(A), because residue found in a crack pipe was not the same drug Defendant was charged with possessing. Thus, the insufficiency of the evidence was based upon the State's failure to prove the alleged identity of the drug defendant possessed, not a failure to prove that defendant "knew" the specific drug he possessed.
 {¶ 36} The purse containing controlled substances was thrown from the window as police entered the home to execute a search warrant for drugs. The parties stipulated that laboratory analysis revealed that the substances in the purse were heroin and cocaine in the amounts specified in the indictment. Whoever threw the purse from the window obviously possessed it and its contents, at least for the purpose of throwing it. The jury could reasonably infer that Defendant was the person who threw the purse because he was found, moments later, inside the upstairs bedroom from which the purse was thrown, wearing the same distinctive yellow and brown striped shirt as the person who threw the purse.
 {¶ 37} The State was required to prove that Defendant knowingly possessed a controlled substance. Knowledge must be determined from all the facts and circumstances surrounding the incident. State v. Teamer,82 Ohio St.3d 490, 1998-Ohio-193. The foregoing facts permit a reasonable inference by the jury that Defendant acted knowingly: that he was aware his conduct would probably cause a certain result or probably be of a certain nature, and he had knowledge of circumstances because he was aware that such circumstances probably existed. Defendant's knowing possession of the controlled substances in the purse in violation of R.C.2925.11(A) satisfies the requirements for criminal liability imposed by R.C. 2901.21(A)(1) and (2). Furthermore, Defendant stipulated the identity and amounts of the controlled substances in that purse. Viewing this evidence in a light most favorable to the State, a reasonable trier of facts could find all of the essential elements of R.C. 2925.11(A) proved beyond a reasonable doubt. Defendant's conviction is supported by legally sufficient evidence.
 {¶ 38} The second assignment of error is overruled.
 {¶ 39} Third Assignment of Error
 {¶ 40} "The jury verdict was against the manifest weight of the evidence."
 {¶ 41} A weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive. State v. Hufnagle (Sept. 6, 1996), Montgomery App. No. 15563, unreported. The proper test to apply to that inquiry is the one set forth in State v. Martin (1983),20 Ohio App.3d 172, 175:
 {¶ 42} "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Accord: State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52.
 {¶ 43} The credibility of the witnesses and the weight to be given to their testimony is a matter for the trier of facts, the jury here, to resolve. State v. DeHass (1967), 10 Ohio St.2d 230. In State v. Lawson
(August 22, 1997), Montgomery App. No. 16288, we observed:
 {¶ 44} "[b]ecause the factfinder . . . has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." Id., at p. 4.
 {¶ 45} This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of facts lost its way in arriving at its verdict.State v. Bradley (Oct. 24, 1997), Champaign App.
 {¶ 46} In arguing that his conviction is against the manifest weight of the evidence, Defendant points out that the only evidence connecting him to the purse full of drugs is the testimony of Det. Barnett.
 {¶ 47} As police were entering the front of the apartment to execute their search warrant for drugs, Det. Barnett, who was positioned at the rear of the building, observed a second story bedroom window open and the arm of an African-American male who wore a yellow and brown striped shirt reach out the window and then drop a purse onto the ground. After opening the purse and finding drugs inside, Det. Barnett immediately entered the apartment and went to the bedroom from which the purse was thrown, where Det. Barnett discovered Defendant, who is an African-American male and who wore a yellow and brown striped shirt. Defendant argues that the testimony of Det. Barnett is not worthy of belief because of a discrepancy among the police officers as to whether Defendant's shirt was short or long sleeved. Such discrepancies are trivial at best. In any event, the credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve. DeHass,supra.
 {¶ 48} Furthermore, contrary to Defendant's assertion, the State's theory of this case is not contradictory. Defendant's motive and purpose in throwing the purse out of the window under the facts and circumstances shown is obvious: to get the drugs in that purse out of the apartment and conceal them from police during this drug raid, both ridding himself of contraband and impairing its availability as evidence. In order to throw the purse and its contents out of the window Defendant obviously had to possess it; that is, exercise actual physical control over it. That is far more than mere access to the purse and its contents. Moreover, the timing of Defendant's throwing the purse out of the window, as police were forcibly entering the apartment to execute a search warrant for drugs, permits a reasonable inference that Defendant knew or was aware that the purse he discarded probably contained drugs. R.C. 2901.22(B).
 {¶ 49} In reviewing this record as a whole, we cannot say that the evidence weighs heavily against a conviction, that the jury lost its way, or that a manifest miscarriage of justice occurred. Defendant's conviction is not against the manifest weight of the evidence.
 {¶ 50} The third assignment of error is overruled.
 {¶ 51} Fourth Assignment of Error
 {¶ 52} "The trial court improperly admitted evidence of Firearms, Illicit drugs, and other contraband."
 {¶ 53} Defendant argues that the trial court erred in admitting evidence concerning various items of contraband found in the apartment during the drug raid, including numerous drugs, electronic scales and two loaded firearms, because these items were never connected to Defendant and do not form any part of the charges against him. Defendant additionally complains about the admission of the $3,667 in cash found on his person at the time of his arrest. Defendant claims that whatever minimal probative value these other items of contraband may have had relative to his drug possession charges was far outweighed by the danger of unfair prejudice, and thus this evidence should have been excluded.
Evid.R. 403(A).
 {¶ 54} Defendant further contends that the prosecutor used these other items of contraband found in the apartment and the large sum of money found on Defendant's person as a foundation to suggest that Defendant is a drug dealer who was acting in conformity with that bad character on this particular occasion, in violation of Evid.R. 404(B).
 {¶ 55} With respect to the admission or exclusion of evidence, the trial court has broad discretion and its decision in such matters will not be disturbed by a reviewing court absent an abuse of discretion that has caused material prejudice. State v. Noling, 98 Ohio St.3d 44,2002-Ohio-7044. An abuse of discretion means more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the court. State v. Adams (1980),62 Ohio St.2d 151.
 {¶ 56} Evid.R. 403(A) provides:
 {¶ 57} "Exclusion mandatory. Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."
 {¶ 58} Evid.R 404(B) states:
 {¶ 59} "Other crimes, wrongs or acts. Evidence of the other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 60} Where, as in this case, the collateral matters in Evid.R. 404(B) such as knowledge and plan are at issue in the case, evidence probative of them is admissible per Evid.R. 404(B) to prove the offense charged, notwithstanding that the same evidence might also prove another, uncharged offense. Of course, the trial court must exclude the evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. Evid.R. 403(A).
 {¶ 61} The State was obligated to prove that Defendant knew or was probably aware that the purse he had in his possession and threw out of the window during this drug raid contained controlled substances. It is common knowledge that in locations where drug activity is prevalent, drugs, scales, weapons and large sums of money are often present. The Ohio Supreme Court has recognized that a connection exists between drugs and guns to such an extent that if drugs are present, it is reasonable to assume that weapons may also be present and the suspect(s) may be armed.State v. Evans, 67 Ohio St.3d 405, 1993-Ohio-186.
 {¶ 62} With respect to the various drugs and guns found inside the apartment during this drug raid, much of which was out in the open, the trial court admitted those items of evidence over Defendant's objection. That evidence was relevant and admissible per Evid.R. 404(B) to prove that Defendant knew or was probably aware that the purse he possessed and attempted to conceal by throwing it out the window contained controlled substances. Furthermore, the probative value of this evidence in demonstrating that Defendant knew the purse contained controlled substances is not substantially outweighed by the concerns enumerated in Evid.R. 403(A). Those matters are largely avoided in this case. During cross-examination of the State's witnesses, Defendant clearly established that the drugs, guns and other contraband police found in various locations throughout the apartment were not otherwise linked to Defendant. No abuse of discretion is demonstrated with respect to the trial court's admission of the drugs and guns found in the apartment.
 {¶ 63} With respect to the $3,667 in cash found on Defendant's person and the set of digital scales found in the apartment, that evidence was also relevant and admissible per Evid.R. 404(B) to show that Defendant's plan or purpose was to possess these drugs in order to sell them. Its admissibility for that purpose is not affected by the fact that Defendant was not charged with drug trafficking. In any event, Defendant did not object to the trial court's admission of the money or the scales, and accordingly he has waived all but "plain error." State v. Wickline
(1990), 50 Ohio St.3d 114. Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been different. Id.; State v. Long (1978), 53 Ohio St.2d 91. On this record we cannot say that but for the admission of this money and the scales, Defendant would have been found not guilty of possessing the drugs in the purse. No plain error has been demonstrated.
 {¶ 64} The fourth assignment of error is overruled. The judgment of the trial court will be affirmed.
Wolff, J. and Fain, J., concur.