OPINION
{¶ 1} This matter is before us on the appeal of Defendant, Paul Matthews, from convictions in two criminal cases. In the first, Case No. 2003 CR 2772, Matthews was Matthews was found guilty of kidnapping and assault after a trial to the court. The second conviction, in Case No. 2003 CR 3215, resulted from Matthews' no contest plea to charges of assault on a peace officer and violation of a protection order.
 {¶ 2} The original charges were based on allegations that Matthews had kidnapped his ex-girlfriend, Nancy Scott, from a YMCA parking lot on August 4, 2003, after assaulting her. Several YMCA members and employees witnessed the attack. After driving Scott's car about nineteen miles, Matthews left Scott in the car and took off on foot. Scott then drove the car back toward the YMCA, where her children still were. At that point, she was stopped by the police, who were looking for the car. Scott was subsequently taken to a hospital, where she received medical treatment for various injuries received during the assault. Matthews was located the following day, and was arrested and charged with kidnapping and attempted felonious assault. Bond was set at $75,000, cash or surety.
 {¶ 3} On August 6, 2003, Scott obtained a civil protection order from the Vandalia Municipal Court. The order restrained Matthews from harassing Scott and from communicating with her. In addition, the order required Matthews to stay away from Scott's residence. On September 1, 2003, Matthews posted bond and was released from jail. However, just a few days later, Matthews violated the protection order and also assaulted a police officer. He was then indicted for these two charges, and for two counts of recklessly violating a protection order.
 {¶ 4} A court trial on the kidnapping and attempted felonious assault charges was held on November 17-18, 2003, after which the court found Matthews guilty of kidnapping and a lesser included charge of assault. Matthews later pled no contest to no contest to assaulting a peace officer and one count of violating a protection order. The remaining two counts were dismissed. Following the plea, the trial court sentenced Matthews to six years in prison for kidnapping and six months for assault, with the terms to be served concurrently. The court also sentenced Matthews to twelve months in prison for assaulting an officer, and six months for violating the protection order. These terms were imposed concurrent with each other and concurrent to the kidnapping and assault convictions, resulting in a net term of imprisonment of six years for all charges.
 {¶ 5} Matthews' appellate counsel has filed a brief pursuant to Andersv. California (1967), 386 U.S. 734, indicating that he can find no arguably meritorious issues for appellate review. Counsel did list three potential assignments of error, related to (1) the sufficiency and manifest weight of the evidence on the kidnapping charge; (2) the imposition of more than a minimum sentence for kidnapping; and (3) whether Matthew's plea was knowingly, intelligently, and voluntarily made. However, counsel stated that he could find no merit to these assignments of error.
 {¶ 6} On February 4, 2005, we notified Matthews that his counsel had filed an Anders brief. We then invited Matthews to file a pro se brief within sixty days, assigning any errors for our review. After Matthews failed to file a brief, the matter was submitted. Consistent with our duty under Anders, we have conducted an independent review of the record. We agree with Matthews' counsel that no arguable meritorious issues exist for appellate review.
 {¶ 7} As we noted, the first suggested issue is that Matthews' kidnapping conviction was not supported by sufficient probative evidence and was against the manifest weight of the evidence. The pertinent inquiry in a review for sufficiency is "`whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' * * * The weight to be given the evidence and the credibility of witnesses are primarily jury issues." State v.Brinkley, 105 Ohio St.3d 231, 238, 2005-Ohio-1507, 824 N.E.2d 959, at ¶ 40 (citations omitted).
 {¶ 8} As relevant to this case, the essential elements of kidnapping are that:
 {¶ 9} "[n]o person, by force or threat * * * shall remove another from the place where the other is found or restrain the liberty of the other person, for any of the following purposes:
 {¶ 10} "* * *
 {¶ 11} "To terrorize or to inflict serious physical harm on the victim or another." R.C. 2905.01(A)(3).
 {¶ 12} The evidence supporting the elements of kidnapping in this case was overwhelming. For example, several witness saw Matthews forcefully remove Scott from the YMCA parking lot, and her terror was evident. In fact, the witnesses were also very frightened and upset. If Matthews' purpose was not to terrorize Scott, we cannot imagine what it might have been. Matthews testified that he wanted to talk to Scott about their breakup and that he did not hurt her. However, his account was contradicted by the testimony of numerous eye-witnesses, and by the physical evidence.
 {¶ 13} Our conclusions on the sufficiency issue also dispose of the manifest weight argument. As we have noted in other cases, "[a] weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive." State v. Williams, Montgomery App. No. 20271,2005-Ohio-1597, at ¶ 41 (citation omitted). To assess a manifest weight issue, "`[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Id. at ¶ 42, quoting from State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.
 {¶ 14} Again, after reviewing the entire record, we find more than ample evidence to sustain the finding that Matthews was guilty of kidnapping Scott.
 {¶ 15} The second potential issue for review is that the trial court abused its discretion by sentencing Matthews to more than the shortest term authorized for kidnapping. In this regard, R.C. 2929.14(B) provides, in pertinent part, that:
 {¶ 16} "if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 17} "* * *
 {¶ 18} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 19} In imposing more than a minimum sentence for kidnapping, the trial court made both of the above findings, on the record during the sentencing hearing, as required. State v. Comer, 99 Ohio St.3d 463, 469,2003-Ohio-4165, 793 N.E.2d 473, at paragraph two of the syllabus and ¶ 26, n. 2, and State v. Edmonson, 86 Ohio St.3d 324, 326, 1999-Ohio-4165,715 N.E.2d 131. Accordingly, because the trial court properly complied with requirements for imposing more than a minimum sentence, there is no arguable merit to this potential assignment of error.
 {¶ 20} The third and final proposed assignment of error is that Matthews' no contest plea to the charges of assaulting a peace officer and violating a protection order was not knowingly, intelligently, and voluntarily made. In this context, Crim. R. 11(C)(2) provides that:
 {¶ 21} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 22} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 23} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 24} "(c) Informing the defendant and determining that the defendant defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 25} Our review of the record reveals that when the trial court accepted Matthews' no contest plea, the court fully complied with the above requirements. As a result, we find no arguable merit to the third proposed assignment of error.
 {¶ 26} Based on the preceding discussion, the judgment of the trial court is affirmed.
Wolff, J., and Fain, J., concur.