OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Brian Spencer, filed November 3, 2004. In May, 2004, Spencer pled not guilty to one count of domestic violence with an accompanying specification. In August, 2004, Spencer was indicted again for one count of domestic violence with an accompanying specification. In exchange for his guilty plea to the later charge, the State dismissed the first indictment. The trial court sentenced Spencer to the maximum sentence of five years of incarceration at the Ohio Department of Rehabilitation and Correction. The victim herein is Spencer's wife, and her relationship with Spencer was characterized by a history of abuse.
 {¶ 2} At the sentencing, the trial court found the following factors under the sentencing guidelines: (1) Spencer's relationship with the victim facilitated his act, he is a parent, and he committed the act in the presence of one or more children (R.C. 2929.12(B)); (2) on this particular occasion, the victim did not facilitate the act (R.C. 2929.12(C)); (3) Spencer was on community control sanctions at the time of the act, has not responded favorably to sanctions previously imposed, has prior adjudications of juvenile delinquency, several adult convictions for domestic violence, and has a history of alcohol and drug abuse (R.C. 2929.12(D)). The trial court indicated that Spencer's continuing record belies remorse. The court determined that a minimum prison term would demean the seriousness of Spencer's offense and would not adequately protect the public. Also, the court found that there is no guideline for a minimum sentence, because this crime occurred subsequent to other convictions. Finally, the trial court found that, based upon Spencer's record, he posed the greatest likelihood of committing future crimes. (R.C. 2929.14(C)). Spencer appeals imposition of the maximum sentence.
 {¶ 3} Spencer's sole assignment of error is as follows:
 {¶ 4} "THE TRIAL COURT ERRED IN THE IMPOSITION OF SENTENCE ON APPELLANT"
 {¶ 5} We review sentencing decisions de novo. State v.Williams, Montgomery App. No. 20271, 2005-Ohio-1597. "Applying that standard, we may increase, reduce, or otherwise modify a sentence only if we clearly and convincingly find either of two matters: (1) that the record does not support the required findings the trial court made, or (2) that the sentence is otherwise contrary to law." Id.; R.C. 2953.08.
 {¶ 1} Pursuant to R.C. 2929.14(C), before imposing the maximum term authorized for an offense, the trial court must make one of the findings set out in the statute. Maximum sentences may only be imposed upon offenders who (1) commit the worst form of the offense; (2) offenders who pose the greatest likelihood of committing future crimes; (3) certain major drug offenders; and (4) certain repeat violent offenders. Spencer argues that the record does not support the trial court's finding that Spencer posed the greatest likelihood of committing future crimes. Incredibly, Spencer argues that it is clear from the record that the trial court "felt that rehabilitation [for Spencer's drug and alcohol problems] was possible," and that the court accordingly erred in giving Spencer the maximum sentence without "an opportunity at the treatment he required."
 {¶ 2} As outlined above, the record, particularly Spencer's lengthy criminal history and failure to respond positively to supervised community control, provides ample support for the trial court's finding regarding the likelihood of Spencer committing future crimes. Further, rehabilitation for a defendant's drug and alcohol problems is not appropriate where the record reveals violence as well as repeated failures under community supervision. Spencer's sole assignment of error is overruled, and the judgment of the trial court is affirmed.
Grady, P.J. and Wolff, J., concur.