OPINION
{¶ 1} Defendant-appellant, Brian Doliboa, appeals his conviction and sentence in the Warren County Court of Common Pleas on one count of possession of cocaine with an accompanying major drug offender specification, and one count of possession of marijuana.
 {¶ 2} On March 25, 2006, Doliboa received a telephone call from a man who had sold drugs to him in the past and who, unbeknownst to Doliboa, had become a confidential *Page 2 
informant ("CI") for the Warren County Drug Task Force. The CI and Doliboa discussed the sale of cocaine and marijuana.
 {¶ 3} The police did not supervise the March 25th telephone call, and therefore, they neither recorded the call nor listened in on it. As a result, the police directed the CI to make another telephone call to Doliboa, which the CI did on March 26, 2006. This time, the police recorded the call and listened in on it. In their March 26th telephone call, the CI and Doliboa again discussed the proposed sale of drugs, using the terms "white girls" and "Mexican girls," which are slang in the drug trade for cocaine and marijuana, respectively. They also discussed using the title to Doliboa's truck as collateral for his purchase of the drugs.
 {¶ 4} The following day, the CI made another telephone call to Doliboa, which the police again recorded and listened in on. The CI and Doliboa agreed to meet later that afternoon in the parking lot of a fast-food restaurant to make the drug deal. Before the meeting took place, the police placed two kilos of cocaine and ten pounds of marijuana in a duffel bag, and then placed the duffel bag in the trunk of the CI's vehicle. The police based the amount of cocaine and marijuana they placed in the duffel bag on information they received from the CI, which he obtained as a result of his March 25th telephone conversation with Doliboa.
 {¶ 5} When Doliboa arrived at the scheduled meeting, he got out of his truck and met with the CI, and then the two of them went to the trunk of the CI's vehicle. Doliboa took the duffel bag out of the CI's trunk and placed it in the passenger side of his vehicle. As he did so, the CI told Doliboa the duffel bag contained two kilos of cocaine and eight pounds of weed[1] to which Doliboa responded, "Oh really."
 {¶ 6} At that moment, several officers from the Warren County Drug Task Force *Page 3 
rushed over to Doliboa and yelled, "Police, get down." Doliboa tried to flee, but the officers quickly apprehended him. The officers recovered from the floorboard of Doliboa's vehicle the duffel bag containing the cocaine and marijuana, as well as a digital scale of the type often used by drug dealers.
 {¶ 7} Doliboa was indicted on one count of trafficking in cocaine in violation of R.C. 2925.03(A)(2), which was accompanied by a major drug offender specification pursuant to R.C. 2941.1410(A) ("Count One"); one count of possession of cocaine in violation of R.C. 2925.11(A), which was accompanied by a major drug offender specification pursuant to R.C. 2941.1410(A) ("Count Two"); one count of trafficking in marijuana in violation of R.C. 2925.03(A)(2) ("Count Three"); and one count of possession of marijuana in violation of R.C. 2925.11(A) ("Count Four").
 {¶ 8} Doliboa's first trial ended with a hung jury, and the trial court declared a mistrial. Before Doliboa's second trial, the state withdrew the trafficking charges set forth in Counts One and Three, thereby choosing to proceed against Doliboa only on the possession charges set forth in Counts Two and Four, which were renumbered as Counts One and Two, respectively.
 {¶ 9} Doliboa's second trial began on June 11, 2007. After a two-day trial, the jury found Doliboa guilty as charged, and the trial court sentenced him to serve ten years in prison for his conviction on the possession of cocaine charge and five years in prison for his conviction on the major drug offender specification, with each sentence to be served consecutive to the other, and consecutive to another sentence Doliboa is currently serving.[2] The trial court also ordered him to pay a $10,000 fine.
 {¶ 10} Doliboa appeals, assigning the following as error: *Page 4 
 {¶ 11} Assignment of Error No. 1:
 {¶ 12} "IT WAS PREJUDICIAL ERROR FOR THE TRIAL COURT TO FAIL TO COMPEL THE STATE TO PRODUCE THE IDENTITY, ADDRESS, ALL AGREEMENTS SECURING THE COOPERATION OF, AND PRIOR FELONY CONVICTIONS OF ITS CONFIDENTIAL INFORMANT, THE MEXICAN."
 {¶ 13} Doliboa argues the trial court erred in overruling his pre-trial motion to compel the state to provide him with information regarding the CI's identity and any agreement between the state and the CI to secure the CI's cooperation because such information was vital to his ability to prepare a defense to the charges against him. We disagree with this argument.
 {¶ 14} "The identity of an informant must be revealed to a criminal defendant when the testimony of the informant is vital to establishing an element of the crime or would be helpful or beneficial to the accused in preparing or making a defense to criminal charges.' * * * `Generally, when the degree of participation of the informant is such that the informant virtually becomes a state's witness, the balance swings in favor of requiring disclosure of the informant's identity. Conversely, where disclosure would not be helpful or beneficial to the accused, the identity of the informant need not be revealed.'" State v.Williams, 73 Ohio St.3d 153, 172, 1995-Ohio-275, quoting State v.Williams (1983), 4 Ohio St.3d 74, 76, syllabus.
 {¶ 15} The determination as to whether an informant's identity must be disclosed to a criminal defendant involves the balancing of competing interests, to wit: the criminal defendant has a right to a fair trial, which depends in large measure on his ability to confront his accusers and cross-examine them as he deems necessary, while the state has a right, in certain instances, to preserve the anonymity of its informants to enable it to provide effective law enforcement to protect the public's safety. Id. at 75-76.
 {¶ 16} "The balance which must be struck between these competing interests is indeed *Page 5 
a fine and delicate one which of necessity dictates a case by case analysis." Id. at 76. A review of the facts in this case shows that the trial court did not abuse its discretion in refusing Doliboa's request to compel the state to disclose the CI's identity. See State v.Bays, 87 Ohio St.3d 15, 25, 1999-Ohio-216 (indicating a trial court's decision whether or not to order the state to disclose an informant's identity is a matter within its discretion).
 {¶ 17} Here, the police witnessed the actual sale and exchange of the contraband in question. The only significant part of the transaction the police did not witness was the conversation held between the CI and Doliboa on March 25, 2006, in which Doliboa told the CI he wanted to buy two kilos of cocaine and ten pounds of marijuana. However, the evidence in this case supports the trial court's determination that disclosure of the CI's identity would not have aided Doliboa's defense.
 {¶ 18} Specifically, the evidence showed that Doliboa has a history of buying a large amount of cocaine for resale. At the time he was apprehended for buying drugs from the CI in March 2006, Doliboa was already under indictment for having bought and sold seven kilos of cocaine in December 2005. It should also be remembered that the trial court twice heard the evidence presented in this case, and therefore, the court was in the best position to know whether or not Doliboa's defense would have been aided by compelling the state to provide him with the CI's identity.
 {¶ 19} In light of these circumstances, the trial court did not abuse its discretion in refusing to order the state to disclose to Doliboa the CI's identity, address, prior felony record, or any agreement between the state and the CI. See Bays, 87 Ohio St.3d at 25.
 {¶ 20} Doliboa's first assignment of error is overruled.
 {¶ 21} Assignment of Error No. 2:
 {¶ 22} "IT WAS PREJUDICIAL ERROR FOR THE TRIAL COURT TO REPEATEDLY ALLOW THE OUT OF COURT TESTIMONY OF THE CONFIDENTIAL INFORMANT TO BE *Page 6 
ENTERED INTO EVIDENCE."
 {¶ 23} Doliboa argues the trial court's "failure to exclude large portions" of the three recorded conversations between him and the CI violated his confrontation rights under the Sixth Amendment pursuant toCrawford v. Washington (2004), 541 U.S. 36, 124 S.Ct. 1354. We disagree with this argument.
 {¶ 24} First, in arguing that "large portions" of the three recorded conversations between him and the CI were improperly admitted into evidence, Doliboa is implicitly acknowledging that the remaining portions of the recordings were properly admitted. Those remaining portions consist of statements Doliboa made during his conversations with the CI. Doliboa's recorded statements qualify as admissions of a party-opponent under Evid. R. 801(D)(2), and therefore, are not hearsay. Id.
 {¶ 25} The CI's recorded statements are also not hearsay because they were not offered to prove the truth of the matter asserted, but instead, were admitted to give meaning and provide context to Doliboa's admissible statements and responses. State v. Smith,162 Ohio App.3d 208, 2005-Ohio-3579, ¶ 7-17. Because the CI's recorded statements were not offered to prove the truth of the matter asserted, they were not "testimonial" statements under Crawford, and therefore, the admission of the statements did not violate Doliboa's rights under the Confrontation Clause. See Smith at ¶ 16.
 {¶ 26} Doliboa also argues the trial court erred by allowing police officers to testify about what the CI had told them with regards to the amount of drugs that he (Doliboa) had sought to purchase. However, this testimony was not admitted to prove the truth of the matter asserted, i.e., that Doliboa asked the CI to provide him with two kilos of cocaine and ten pounds of marijuana. Instead, the testimony was admitted to explain why the police put that amount of contraband into the duffel bag they placed in the trunk of the CI's vehicle. Id.
 {¶ 27} Doliboa's second assignment of error is overruled. *Page 7 
 {¶ 28} Assignment of Error No. 3:
 {¶ 29} "IT WAS PREJUDICIAL ERROR FOR THE TRIAL COURT TO ALLOW EVIDENCE OF PRIOR BAD ACTS OF THE APPELLANT INTO EVIDENCE PURPORTEDLY TO ESTABLISH KNOWLEDGE OF THE PRESENCE OF COCAINE IN THE BAG IN HIS POSSESSION."
 {¶ 30} Doliboa argues the trial court erred in permitting the state to introduce evidence of his prior drug dealings to establish he knew cocaine was present in the duffel bag he removed from the trunk of the CI's vehicle. We disagree with this argument.
 {¶ 31} Evid. R. 404 states in pertinent part:
 {¶ 32} "(B) Other crimes, wrongs or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 33} Doliboa's defense to the charge of possession of cocaine in this case was that he only agreed to buy two pounds of marijuana from the CI, and he was unaware the CI was going to bring him two kilos of cocaine and ten pounds of marijuana. As a result, the trial court did not abuse its discretion when it permitted the state to present evidence that Doliboa had purchased large amounts of cocaine on recent, prior occasions because the state's evidence demonstrated that Doliboa knew the substances in the duffel bag included cocaine. The evidence also demonstrated the absence of a mistake or accident on Doliboa's part. Evid. R. 404(B).
 {¶ 34} Doliboa's third assignment of error is overruled.
 {¶ 35} Assignment of Error No. 4:
 {¶ 36} "IT WAS PREJUDICIAL ERROR FOR THE TRIAL COURT TO REJECT THE PROPOSED JURY INSTRUCTION OF THE APPELLANT, WITHOUT PROVIDING A *Page 8 
SUBSTANTIALLY SIMILAR ALTERNATIVE, ON THE REQUIREMENT OF KNOWLEDGE OF THE AMOUNT OF COCAINE IN HIS POSSESSION."
 {¶ 37} Doliboa argues the trial court erred in refusing to instruct the jury that it needed to find that "there existed at the time in the mind of the defendant an awareness that his conduct would probably cause him to posses in excess of 1000 grams of cocaine[,]" in order to find that he acted with the requisite knowledge under R.C. 2925.11(A)(2). We disagree with this argument.
 {¶ 38} R.C. 2925.11(A) states that "[n]o person shall knowingly obtain, possess, or use a controlled substance." R.C. 2925.11(C) sets forth the penalties for possession of a controlled substance, which are determined by the identity and amount of the controlled substance. However, there is no provision in R.C. 2925.11 that requires the state to demonstrate that an offender knowingly possessed a certain amount of a controlled substance to convict the defendant of possessing that amount.
 {¶ 39} In State v. Williams, Montgomery App. No. 20271,2005-Ohio-1597, the court rejected a criminal defendant's argument that the state was obligated to prove he knew the type and amount of drugs contained in a purse found in his possession to convict him of possession under R.C. 2925.11(A). The Williams court stated:
 {¶ 40} "The identity of the controlled substance and the amount of it possessed both determines the degree of the offense charged and elevates the punishment available for it. Therefore, due process requires the State to charge those matters specifically in the indictment and to prove the matters charged beyond a reasonable doubt at trial. [Citations omitted.] Still, these matters are not elements of Defendant's criminal liability, which is wholly defined by R.C. 2925.11(A).
 {¶ 41} "In proving knowing possession of a controlled substance in violation of R.C. 2925.11(A), the State is not required to prove that Defendant `knew' the specific *Page 9 
characteristics of the items he possessed which made them controlled substances, or that the controlled substances he possessed were inparticular amounts specified by R.C. 2925.11(C)." (Emphasis added.)Williams, 2005-Ohio-1597 at ¶ 33-34.
 {¶ 42} As stated in Williams, while the amount of the controlled substance determines the degree of the offense with which Doliboa could be charged and elevates his punishment for that offense, the state was not required to prove that Doliboa knew the amount of the controlled substances he possessed. Id.
 {¶ 43} Doliboa's fourth assignment of error is overruled.
 {¶ 44} Assignment of Error No. 5:
 {¶ 45} "IT WAS PREJUDICIAL ERROR FOR THE TRIAL COURT TO FAIL TO GRANT APPELLANT'S MOTIONS TO DISMISS THE CHARGE OF POSSESSION OF COCAINE AND THE ASSOCIATED MAJOR DRUG OFFENDER SPECIFICATION."
 {¶ 46} Doliboa argues the state's action in placing two kilos of cocaine in the duffel bag that the police put in the trunk of the CI's vehicle amounted to "outrageous governmental conduct," and therefore, the trial court erred in overruling his motion to dismiss the charge of possession of cocaine and the accompanying major drug offender specification. We disagree with this argument.
 {¶ 47} "An accused may put the conduct of the police or their agent into issue by arguing that such conduct was so outrageous as to violate due process." State v. Doran (1983), 5 Ohio St.3d 187, 192, fn. 4, citing Rochin v. California (1952), 342 U.S. 165, 72 S.Ct. 205. While the accused's predisposition to commit the offense in question is generally not the focus in reviewing a claim of outrageous governmental conduct, the accused's predisposition is "evaluated to some extent to measure the nature of the government's conduct." State v.Cunningham, 156 Ohio App.3d 714, 2004-Ohio-1935, ¶ 26.
 {¶ 48} The reverse buy operation carried out by the police and the CI in this case did *Page 10 
not violate Doliboa's due process rights. Doliboa and the CI engaged in several drug transactions prior to the one that formed the basis of the charges in the current case. Doliboa was not forced to take part in the drug deal, but instead, was a willing participant. Given Doliboa's history of extensive drug dealings with the CI and others, the government's conduct in this case cannot be fairly characterized as outrageous.
 {¶ 49} Accordingly, Doliboa's fifth assignment of error is overruled.
 {¶ 50} Judgment affirmed.
BRESSLER, P.J. and WALTERS, V.J., concur.
Walters, J., retired, of the Third Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.
[1] The police actually placed ten pounds of marijuana in the duffel bag, not eight as the CI said. The discrepancy does not affect the outcome of this case.
[2] The trial court ordered Doliboa to serve his sentence on Count Two (possession of marijuana) concurrently with his 15-year sentence on Count One (possession of cocaine) and the major drug offender specification. *Page 1