OPINION
{¶ 1} Defendant, William Peagler, appeals from his conviction and sentence for possession of heroin and marijuana and for possession of criminal tools.
 {¶ 2} On December 14, 2005, at 3:30 a.m., Miami Township police officer Gregory Stites stopped Defendant's vehicle for *Page 2 
several traffic violations. Defendant, the driver and sole occupant of the vehicle, acted nervous, and Officer Stites called for backup. Officer David Ooten arrived. While Officer Stites ran a check on Defendant's license, another vehicle driven by Defendant's girlfriend, Charleva Anderson, pulled up in front of Defendant's vehicle. Officer Ooten asked Anderson to move her vehicle to a nearby parking lot, which she did, and she then joined the officers and Defendant Peagler. After learning from Officer Stites that Defendant's license had been suspended, Officer Ooten approached Defendant to remove him from the vehicle. At that point, Defendant handed Anderson a wad of cash.
 {¶ 3} As Officer Stites was preparing to perform a pat down search of Defendant's person prior to placing him in a cruiser, Defendant ran off. The officers gave chase, but Officer Ooten turned back when he remembered that the police cruisers were not locked. When Ooten came back he observed Anderson removing a duffel bag from the front passenger seat of the vehicle Defendant was driving. Officer Ooten observed two large plastic baggies of marijuana inside the open duffel bag. Officer Ooten seized the duffel bag and arrested Anderson for possession of the drugs. The bag also contained a digital scale, cell phones, and documents linking Defendant *Page 3 
to the bag.
 {¶ 4} Defendant was eventually apprehended and he was arrested for driving while under suspension and for possession of the marijuana found inside the duffel bag. The vehicle Defendant drove was towed to the police station. After obtaining a search warrant, police searched the vehicle and found more marijuana and a bag of heroin.
 {¶ 5} Defendant was indicted on one count of tampering with evidence, R.C. 2921.12(A)(1), one count of possession of heroin in an amount greater than ten grams but less than fifty grams, R.C. 2925.11(A), two counts of possession of marijuana in an amount greater than two hundred grams but less than one thousand grams, R.C. 2925.11(A), and one count of possession of criminal tools, R.C. 2923.24(A).
 {¶ 6} Defendant waived his right to a jury trial and was tried by the court. During the trial Defendant presented the testimony of Erica Zachery, the owner of the vehicle Defendant drove. Zachery testified that multiple people had driven her vehicle, including her half-brother, who is a drug addict and involved with drugs.
 {¶ 7} The trial court found Defendant not guilty of tampering with evidence but guilty of the other offenses. The court sentenced Defendant to a three year prison term for *Page 4 
possession of heroin, and to six month prison terms on each of the other offenses, to run concurrently with each other but consecutive to the three year term, for a total aggregate sentence of three years and six months. The court also imposed a $7,500 fine.
 {¶ 8} Defendant timely appealed to this court from his conviction and sentence.
FIRST ASSIGNMENT OF ERROR
 {¶ 9} "THE TRIAL COURT SHOULD BE REVERSED DUE TO THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL."
 {¶ 10} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must affirmatively demonstrate to a reasonable probability that were it not for counsel's errors, the result of the trial or proceeding would have been different. Id., State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 11} Defendant argues that his counsel performed deficiently because he failed to file a motion to suppress the evidence. Failure to file a motion to suppress does not *Page 5 
constitute ineffective assistance of counsel if the motion has no reasonable probability of success, because in that circumstance the defendant suffers no prejudice for purposes of Strickland. State v.Nields, 93 Ohio St.3d 6, 2001-Ohio-1291.
 {¶ 12} Defendant complains because counsel failed to file a motion to suppress to test the initial seizure of Defendant's person and the vehicle. Defendant was lawfully stopped by police for traffic violations. Dayton v. Erickson, 76 Ohio St.3d 3, 1996-Ohio-431. While checking Defendant's license, police discovered that Defendant was driving under suspension. That provided probable cause to arrest Defendant. State v. Johnson (Dec. 7, 2001), Greene App. No. 2001CA55, 2001-Ohio-1924. Alternatively, the officers could issue a citation for that offense. However, before police could pat down Defendant for weapons and place him inside a cruiser to complete the paperwork for the citations, Defendant ran from the officers.
 {¶ 13} Clearly, police had sufficient probable cause to apprehend and detain Defendant at that point, and they gave chase, but Officer Ooten turned back when he remembered that the police cruisers were not locked and secured. As Officer Ooten arrived back at the scene, he observed Anderson remove a duffel bag from the front passenger seat of the car Defendant *Page 6 
had been driving, and walk back toward her vehicle with that bag. The duffel bag was open and Officer Ooten could see in plain view two large plastic baggies of marijuana inside the duffel bag. At that point Officer Ooten seized the duffel bag and lawfully arrested Anderson for possession of those drugs.
 {¶ 14} From these facts and circumstances, it is clear that police lawfully stopped and detained Defendant, and lawfully seized the duffel bag containing marijuana. Defense counsel was not ineffective for failing to file a motion to suppress that evidence because there is no reasonable probability that such a motion, had it been filed, would have succeeded.
 {¶ 15} Defendant further complains because his counsel failed to file a motion to suppress in order to test the warrant police obtained in order to search the vehicle further, and their subsequent seizure of additional quantities of marijuana and a bag of heroin.
 {¶ 16} In determining the sufficiency of probable cause for a search warrant, the issuing magistrate's task is to simply make a practical, common sense decision whether, in light of the totality of the circumstances including the veracity and basis of knowledge of persons supplying information, a fair probability exists that contraband or evidence of a crime will be found in a particular place. Illinois v.Gates (1983), *Page 7 462 U.S. 213, 238-239, 103 S.Ct. 2317, 76 L.Ed.2d 527; State v. George
(1989), 45 Ohio St.3d 325.
 {¶ 17} A reviewing court should not substitute its judgment for that of the issuing magistrate by conducting a de novo determination of whether the affidavit contains sufficient probable cause. Rather, a reviewing court's duty is to simply ensure that the magistrate had a substantial basis for concluding that probable cause existed.George. Great deference should be accorded to the magistrate's probable cause determination, and doubtful or marginal cases should be resolved in favor of upholding the warrant. Id.
 {¶ 18} Defendant argues that there was no reason to believe that any drugs, other than the marijuana found in the duffel bag, would be found inside the vehicle. We disagree.
 {¶ 19} Defendant was the driver and sole occupant of the vehicle. After police ordered Defendant out of that vehicle he handed Anderson a large wad of cash, $3,760. The duffel bag which contained a large quantity of marijuana was sitting on the front passenger seat of the vehicle next to the Defendant. In addition to the marijuana, that duffel bag also contained Defendant's wallet, receipts from purchases made by Defendant, three cell phones, a digital scale, baggies and rubber bands. Anderson was caught removing that duffel bag *Page 8 
from the vehicle.
 {¶ 20} From the totality of these facts and circumstances, sufficient probable cause existed to believe that drugs and articles associated with the drug trade would be found inside the vehicle. Defense counsel did not perform deficiently by failing to file a motion to suppress the drugs found inside the vehicle because there is no reasonable probability that such a motion, had it been filed, would have succeeded. Ineffective assistance of counsel has not been demonstrated.
 {¶ 21} Defendant's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 22} "THE JUDGMENT OF THE TRIAL COURT ON THE COUNT OF POSSESSION OF HEROIN SHOULD BE REVERSED BECAUSE IT IS AGAINST THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE AT TRIAL."
 {¶ 23} In this assignment of error Defendant challenges his conviction for possession of heroin, and argues that his conviction is not supported by legally sufficient evidence and is against the manifest weight of the evidence because the State failed to prove that he knowingly possessed the heroin police found inside the vehicle between the center console and a CD holder.
 {¶ 24} A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each *Page 9 
element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. State v. Thompkins, (1997),78 Ohio St.3d 380. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991),61 Ohio St.3d 259:
 {¶ 25} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 26} To prove that Defendant was guilty of violating R.C.2925.11(A), the State was required to prove, beyond a reasonable doubt, that Defendant knowingly possessed the heroin.
 {¶ 27} "Knowingly" is defined in R.C. 2901.22(B):
 {¶ 28} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that *Page 10 
such circumstances probably exist."
 {¶ 29} "Possession" is defined in R.C. 2925.01(K):
 {¶ 30} "Possess or possession means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."
 {¶ 31} Possession of a drug may be either actual physical possession or constructive possession. State v. Butler (1989), 42 Ohio St.3d 174. A person has constructive possession of an item when he is conscious of the presence of the object and able to exercise dominion and control over that item, even if it is not within his immediate physical possession. State v. Hankerson (1982), 70 Ohio St.2d 87; State v.Wolery (1976), 46 Ohio St.2d 316.
 {¶ 32} Readily usable drugs found in very close proximity to a defendant may constitute circumstantial evidence sufficient to support a conclusion that he constructively possessed those drugs. State v.Miller, Montgomery App. No. 19174, 2002-Ohio-4197. In determining whether a defendant knowingly possessed a controlled substance, it is necessary to examine the totality of the facts and circumstances surrounding the incident. State v. Teamer, 82 Ohio St.3d 490, *Page 11 
492, 1998-Ohio-193; State v. Pounds, Montgomery App. No. 21257,2006-Ohio-3040.
 {¶ 33} In support of his contention that the evidence was legally insufficient to prove that he knowingly possessed the heroin, Defendant points to evidence that he was not the owner of the vehicle, that other people had driven that vehicle, that the heroin was mostly hidden between the console and a CD rack, and that there was no fingerprint evidence linking Defendant to the heroin. Defendant argues that the only evidence linking him to the heroin is the fact that he was the sole occupant of the vehicle where the heroin was found, which is insufficient to prove knowing possession. R.C. 2925.01(K).
 {¶ 34} The totality of the facts and circumstances in this case demonstrate that Defendant was the driver and sole occupant of the vehicle where the heroin was found. The heroin was found in close physical proximity to where Defendant was seated, between the center console and a CD holder. In addition, the duffel bag containing a large quantity of marijuana and a set of digital scales was inside the vehicle on the front passenger seat, next to Defendant, before Defendant's girlfriend removed it from the vehicle while police were chasing Defendant.
 {¶ 35} Viewing the totality of this evidence in a light *Page 12 
most favorable to the State, a rational trier of facts could find beyond a reasonable doubt that Defendant constructively possessed the heroin found inside the vehicle between the center console and a CD rack. Defendant's conviction is supported by legally sufficient evidence.
 {¶ 36} A weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive. State v. Hufnagle (Sept. 6, 1996), Montgomery App. No. 15563, unreported. The proper test to apply to that inquiry is the one set forth in State v. Martin (1983), 20 Ohio App.3d 172, 175:
 {¶ 37} "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Accord: State v.Thompkins, supra.
 {¶ 38} The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve. State v.DeHass (1967), 10 Ohio St.2d 230. In State v. Lawson (August 22, 1997), Montgomery App. No. *Page 13 
16288, we observed:
 {¶ 39} "[b]ecause the factfinder . . . has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." Id., at p. 4.
 {¶ 40} This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of facts lost its way in arriving at its verdict. State v. Bradley (Oct. 24, 1997), Champaign App. No. 97-CA-03.
 {¶ 41} Defendant argues that his conviction for possession of heroin is against the manifest weight of the evidence because the owner of the vehicle Defendant drove testified that Defendant only occasionally borrowed the vehicle, and that other people drive that vehicle, including one who uses drugs. The trier of facts in this case did not lose its way simply because it chose not to believe Defendant's witness or Defendant's version of the events. *Page 14 
 {¶ 42} Defendant's witness, the owner of the vehicle, is the mother of Defendant's daughter. Furthermore, her testimony, even if believed, places Defendant in possession of the vehicle a day or two before this incident occurred. The credibility of the witnesses and the weight to be given to their testimony were matters for the trier of facts, the trial court here, to decide. DeHass. Reviewing the entire record we cannot say that the evidence weighs heavily against a conviction, that the court lost its way in choosing to believe the State's witnesses, or that a manifest miscarriage of justice has occurred. Defendant's conviction is not against the manifest weight of the evidence.
 {¶ 43} Defendant's second assignment of error is overruled. The judgment of the trial court will be affirmed.
 FAIN, J. And DONOVAN, J., concur. *Page 1