OPINION
{¶ 1} Plaintiff-appellant the State of Ohio appeals from an order suppressing evidence upon the ground that it was obtained unlawfully. We agree with the State that, based upon the facts as found by the trial court, for which there is evidence in the record, the evidence was lawfully obtained under the plain-view doctrine. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
 I {¶ 2} The facts, as found by the trial court, are as follows:
 {¶ 3} "On December 2, 2004, three uniformed Dayton police officers were accompanying a housing inspector to check on properties which were the subject of nuisance abatement notices. The purpose was to determine whether or not individuals named on the abatement notices were still on the property in violation of law.
 {¶ 4} "The residence of the Defendant, Michael Stiffler, at 57 South Horton Street was on the abatement list for drug violations although Mr. Stiffler was permitted to be at the location as long as there were no additional violations.
 {¶ 5} "Upon knocking on the door, the officers could see through a window that some people seemed to be `running' from the main room toward the back. Upon being admitted by the Defendant, the officers could smell the odor of burnt marijuana and noticed a small bag of marijuana in plain view on the table in front of them.
 {¶ 6} "The Defendant said that there was no one else in the property, but when he was told that the officers had seen some people appearing to leave, the Defendant informed the officers that there were two other people in the residence. The officers found the Defendant's girlfriend in the basement and another male hiding in the bathroom.
 {¶ 7} "Mr. Stiffler agreed to allow the officers to look around the house for any nuisance situations; on another table in plain view they also observed numerous empty baggies, such as are routinely used for packaging small amounts of marijuana, and they noticed a safe in the bedroom that had an electronic lock. The Defendant opened the box with the code at the request of the officers. Inside the safe was a larger baggie of marijuana, a stack of money, and a brown prescription bottle; the prescription bottle did not have any labeling on it. One of the officers opened the pill bottle and the Defendant identified the pills as being his mother's Vicodin and the money as being from the sale of a car and some rent and work money.
 {¶ 8} "Mr. Stiffler was given a minor misdemeanor citation for the marijuana and the officers returned to their offices with the suspected drugs. Upon examining the pills and calling Poison Control, it was determined that some of the pills appeared to be oxycodone and methadone, both prohibited Schedule I or II drugs. Two of the officers returned to the house to arrest the Defendant, but he was not present."
 {¶ 9} Stiffler was ultimately arrested and charged by indictment with two counts of Aggravated Possession of Drugs, fifth-degree felonies proscribed by R.C. 2925.11. Stiffler moved to suppress the evidence, contending that it was obtained as the result of an unlawful search and seizure. Following a hearing, the trial court suppressed the evidence consisting of the prescription pill bottle and its contents. From that order of suppression, the State appeals.
 II {¶ 10} The State's sole assignment of error is as follows:
 {¶ 11} "THE TRIAL COURT ERRED IN GRANTING THE MOTION TO SUPPRESS."
 {¶ 12} The trial court appears to have found that Stiffler consented to the search of his residence, which resulted in the discovery, in plain view, of numerous empty baggies of the type routinely used to package small amounts of marijuana. The trial court also appears to have found that Stiffler consented to the search of the interior of the safe, which he opened for the officers at their request. This led to the discovery, in plain view, of a larger baggie of marijuana, a stack of money, and an unlabeled brown prescription pill bottle. The trial court did not order the suppression of any of this evidence, apart from the prescription pill bottle.
 {¶ 13} The sticking point appears to have been the police officers' opening and search of the prescription pill bottle, and the seizure of its contents. By implication, the trial court found that this search and seizure was not consensual. The trial court expressly found that the contents of the prescription pill bottle did not satisfy the plain-view doctrine.
 {¶ 14} An item is within the plain-view doctrine when its incriminating nature is "immediately apparent" to the police officer who comes into contact with it through lawful activity.Coolidge v. New Hampshire (1971), 403 U.S. 443, 466,91 S.Ct. 2022, 2038. At one time, this may have been understood to have excluded the exercise of the police officer's reasoning process, requiring that the incriminating nature of the item must be intrinsically apparent, without regard to any facts or circumstances external to the item itself. If that was ever the law, it clearly no longer is the law.
 {¶ 15} The police officer need not know that the items in plain view are contraband or evidence of a crime; rather, it is sufficient that probable cause exists to associate the property with criminal activity. Texas v. Brown (1983), 460 U.S. 730. See, also, State v. Waddy (1992), 63 Ohio St.3d 424, 442,588 N.E.2d 819, 833. Probable cause is a common-sense standard, for which the police may use their special knowledge or experience to justify their belief that probable cause existed. State v.Willoughby (1992), 81 Ohio App.3d 562, 611 N.E.2d 937, citingUnited States v. Cortez (1981), 449 U.S. 411, 101 S.Ct. 690,66 L.Ed.2d 621. {¶ 16} The close issue in this case is whether the police officer, Sergeant Mark Spiers, had probable cause to believe that the unlabeled prescription pill bottle in his plain view, after the safe was opened by Stiffler at Spiers's request, contained incriminating evidence, based upon all of the facts and circumstances known to Spiers at that moment. We conclude that Spiers did have probable cause.
 {¶ 17} The trial court focused upon the fact that possession of a controlled substance, lawfully obtained by prescription, but not contained in its original container, while previously unlawful pursuant to R.C. 2925.11(B), is not now unlawful as a result of a change in the statutory law. In our view, probable cause to believe that the unlabeled prescription pill bottle contained incriminating evidence did not depend upon the proscription contained formerly in R.C. 2925.11(B).
 {¶ 18} At the time that Spiers encountered the unlabeled prescription pill bottle in his plain view, he knew that the residence was on the City of Dayton's nuisance abatement list due to previous drug violations, he could smell the aroma of burnt marijuana in the house, he had seen a small bag of marijuana in a front room of the residence, as well as numerous empty baggies, and he had seen, in the same safe containing the unlabeled prescription pill bottle, a large bag of marijuana and a stack of cash. Spiers was not required to check his common sense at the door when he entered Stifler's residence. In our view, he could put all this information together, and reasonably conclude that it was more likely than not that the unlabeled prescription pill bottle contained an unlawful substance or substances. This was probable cause, which satisfied the plain-view requirement.
 {¶ 19} The State's sole assignment of error is sustained.
 III {¶ 20} The State's sole assignment of error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
 . . . . . . . . . .
Donovan, J., concurs.