OPINION
{¶ 1} Defendant, Douglas Pounds, appeals from his conviction and sentence for possession of cocaine.
 {¶ 2} On May 11, 2004, Clayton police officer Brandon Combs observed Defendant's vehicle as it proceeded northbound on State Route 49 near Union Road. There was a clear cover over the rear license plate, but condensation inside the cover obscured part of the plate's numbers and letters, such that it was not entirely readable. Officer Combs also observed that there was not an assured clear distance between Defendant's vehicle and the vehicle in front of his. Officer Combs initiated a traffic stop for these two offenses.
 {¶ 3} Officer Combs approached the passenger side of Defendant's vehicle. Defendant was the driver and only occupant. While waiting for Defendant to produce his license, registration and proof of insurance, Office Combs observed marijuana in plain view on the passenger floor of the vehicle. Officer Combs recognized the marijuana from his training and experience. Combs also observed several air freshners inside the vehicle, which he suspected were an attempt to mask another odor. Officer Combs asked Defendant to exit the vehicle.
 {¶ 4} With Defendant's consent, Officer Combs patted Defendant down for weapons and found nothing. Officer Combs then advised Defendant that he was going to search the interior of Defendant's vehicle because of the marijuana he observed in plain view. That increased Defendant's apparent nervousness, and he began to pace back and forth. Officer Combs then asked Defendant to sit in the rear of his police cruiser.
 {¶ 5} After Officer Combs' sergeant arrived on the scene, Officer Combs began searching Defendant's vehicle. Officer Combs noticed a white towel on top of the driver's seat belt receptacle. Upon picking up the towel, Officer Combs observed a brown work glove with a plastic baggie extending out of the glove. Officer Combs removed the baggie and discovered a white chunky substance inside. He knew from his experience that the substance was cocaine. Officer Combs informed his sergeant of what he had found and that Defendant would be detained for possession of a controlled substance. Defendant was also cited for having an obstructed rear license plate and failure to maintain an assured clear distance.
 {¶ 6} Defendant was indicted on one count of possessing cocaine (not crack) in an amount greater than twenty-five grams but less than one hundred grams, a third degree felony. R.C.2925.11(A), (C)(4)(c). Defendant filed a motion to suppress evidence, arguing that there was no legal justification for the stop or search of his vehicle. The trial court overruled Defendant's motion to suppress following a hearing. The court found no assured clear distance violation, but concluded that the rear license plate was partially obscurred and not readable and, accordingly, there was probable cause to believe that Defendant had violated a Clayton license plate ordinance, justifying a stop of Defendant's vehicle. The court further found that Officer Combs' observation of marijuana in plain view inside the vehicle provided probable cause to justify a search of the interior of that vehicle.
 {¶ 7} Defendant waived his right to a jury trial, and was tried by the court and found guilty. The trial court sentenced Defendant to a mandatory three year prison term, imposed a mandatory five thousand dollar fine, and suspended Defendant's driver's license for three years.
 {¶ 8} Defendant timely appealed to this court from his conviction and sentence. The trial court stayed execution of Defendant's sentence pending this appeal.
 FIRST ASSIGNMENT OF ERROR {¶ 9} "THE TRIAL COURT COMMITTED ERROR TO THE PREJUDICE OF APPELLANT WHEN IT DENIED HIS MOTION TO SUPPRESS."
 {¶ 10} In reviewing a trial court's decision on a motion to suppress, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence in the record. Accepting those facts as true, the court of appeals then independently determines, as a matter of law and without deference to the trial court's conclusions, whether those facts satisfy the applicable legal standard. State v.Satterwhite (1997), 123 Ohio App.3d 322.
 {¶ 11} A. "THE TRAFFIC STOP OCCURRED WITHOUT SUFFICIENT PROBABLE CAUSE; THUS, ANY EVIDENCE OBTAINED AS A RESULT MUST BE SUPPRESSED."
 {¶ 12} A stop of a vehicle is reasonable for Fourth Amendment purposes where police have probable cause to believe that a traffic violation has occurred. Whren v. United States (1996),517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89; Dayton v.Erickson, 76 Ohio St.3d 3, 1996-Ohio-431. Probable cause exists when the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person in believing that the suspect has committed or is committing an offense. Beck v. Ohio
(1964), 379 U.S. 89, 85 S.Ct. 223, 12 L.Ed.2d 142.
 {¶ 13} City of Clayton Ordinance § 355.10 provides:
 {¶ 14} "No person shall operate a motor vehicle, upon which license plates are required by law to be displayed, unless the license plates legally registered and issued for such vehicle shall be fastened in such a manner and not covered, obscured or concealed by any part or accessory of such vehicle or by any foreign substance or material, to be readable in its entirety from left to right."
 {¶ 15} Officer Combs testified that the colored license plate cover that Defendant had over his rear plate constituted an obstruction that was illegal. The trial court rejected that claim. Combs also testified that condensation inside the cover over the rear license plate partially obscured some of the letters and numbers on the right side of the plate, such that Combs was not able to read the registration number in its entirety. That testimony was corroborated by photographs. The trial court, after viewing photographs of the license plates at the time of Defendant's arrest, concluded that the registration was partially obscured and not readable in its entirety at a distance of three to five feet away. Thus, there is ample evidence in this record to demonstrate that Officer Combs had probable cause to believe that Defendant was violating the Clayton ordinance governing the display of license plates. Officer Combs was therefore justified in stopping Defendant and detaining him in order to issue a traffic citation.
 {¶ 16} Defendant argues, however, that this court should not accept Officer Combs' testimony as credible because it was conflicting and at times confusing. For instance, Officer Combs testified that he could not read the rear license plate in its entirety, but he also testified that he relayed the registration number to dispatch which ran the plate and identified Defendant as the owner of the vehicle. Furthermore, Officer Combs' testimony reveals that he thought the rear plate was a permanent license plate when in fact it was a temporary tag.
 {¶ 17} At a hearing on a motion to suppress evidence, the trial court sits as the trier of fact and is in the best position to evaluate the evidence by determining the credibility of the witnesses and the weight to be given to their testimony. Statev. Mills (1992), 62 Ohio St.3d 357; State v. Retherford
(1994), 93 Ohio App.3d 586. Officer Combs was the only witness who testified at the suppression hearing and the trial court specifically stated that it was adopting his testimony. We will not substitute our judgment for that of the trier of facts regarding this witness' credibility
 {¶ 18} B. "EVEN IF PROBABLE CAUSE DID EXIST TO INITIATE THE TRAFFIC STOP; THE TRIAL COURT AGAIN ERRED WHEN IT ALLOWED THE WARRANTLESS SEARCH OF THE VEHICLE."
 {¶ 19} Warrantless searches are per se unreasonable under the Fourth Amendment subject to only a few well established exceptions. Katz v. United States (1967), 389 U.S. 347,88 S.Ct. 507, 19 L.Ed.2d 576. One such established exception is the plain view doctrine. Under the plain view doctrine, police may seize an article when its incriminating nature is immediately apparent to an officer who comes in contact with the item through lawful activity. Coolidge v. New Hampshire (1971),403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564; State v. Stiffler (January 6, 2006), Montgomery App. No. 21008, 2006-Ohio-46. The police officer need not be absolutely certain that the item seen in plain view is contraband or evidence of a crime. It is sufficient if probable cause exists to associate the item with criminal activity. Stiffler, supra.
 {¶ 20} After making this traffic stop and while waiting for Defendant to produce his license, registration and proof of insurance, Officer Combs, while standing outside Defendant's vehicle, observed marijuana on the floor on the passenger side of the vehicle. Officer Combs recognized the substance as marijuana from his training and police experience, which he said included having encountered marijuana on well over one hundred occasions. Furthermore, Officer Combs also noticed several air fresheners inside the vehicle, which he stated are commonly used to mask odors. This evidence is more than sufficient to give rise to probable cause to associate the substance Officer Combs observed with criminal activity.
 {¶ 21} Having observed the marijuana in plain view inside Defendant's vehicle, Officer Combs was entitled to seize the evidence as contraband. Furthermore, his observation of marijuana on the passenger floor gave him probable cause to believe that Defendant's vehicle contained other contraband. Therefore, he was entitled to search the vehicle pursuant to the well established automobile exception to the warrant requirement. State v.Moore, 90 Ohio St.3d 47, 2000-Ohio-10; State v. Greenwood (May 28, 2004), Montgomery App. No. 19820, 2004-Ohio-2737; UnitedStates v. Ross (1982), 456 U.S. 798, 102 S.Ct. 2157,72 L.Ed. 2d 572; State v. Fadenhotz (June 13, 1991), Cuyahoga App. Nos. 60865 and 60866. Defendant's Fourth Amendment rights were not violated by Officer Combs' search of his vehicle, and the trial court properly overruled his motion to suppress evidence that was seized from a search of the vehicle.
 {¶ 22} The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR {¶ 23} "APPELLANT WAS DENIED DUE PROCESS, AS THE VERDICT WAS AGAINST THE SUFFICIENCY AND/OR MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 24} A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. Thompkins, supra. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991), 61 Ohio St.3d 259:
 {¶ 25} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 26} Defendant was convicted of violating R.C. 2925.11(A) which provides:
 {¶ 27} "No person shall knowingly obtain, possess or use a controlled substance."
 {¶ 28} "Knowingly" is defined in R.C. 2901.22(B):
 {¶ 29} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 30} "Possession" is defined in R.C. 2925.01(K):
 {¶ 31} "Possess or possession means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."
 {¶ 32} Possession of a drug may be either actual physical possession or constructive possession. State v. Butler (1989),42 Ohio St.3d 174. A person has constructive possession of an item when he is conscious of the presence of the object and able to exercise dominion and control over that item, even if it is not within his immediate physical possession. State v.Hankerson (1982), 70 Ohio St.2d 87; State v. Wolery (1976),46 Ohio St.2d 316.
 {¶ 33} Defendant argues that the State failed to prove that he "knowingly possessed" the cocaine found inside his vehicle. In an effort to prove that the drugs belonged to someone else, and that he had no knowledge of them, Defendant presented evidence showing that he owns a landscaping business and that several of his employees routinely use his vehicle. One employee, Demetrius Johns, testified that just prior to Defendant's arrest he used Defendant's vehicle and had purchased cocaine for his own personal use, but forgot to remove those drugs from the vehicle before returning it to Defendant. This testimony goes more to the weight of the evidence and the credibility of the witnesses than to the sufficiency of the evidence.
 {¶ 34} Officer Combs' testimony, if believed, demonstrates that Defendant was the owner and sole occupant of the vehicle and that the cocaine found inside the vehicle was in very close proximity to Defendant and easily within his reach. In terms of "knowing possession," knowledge must be determined from all of the facts and circumstances surrounding the incident. State v.Williams (April 1, 2005), Montgomery App. No. 20271,2005-Ohio-1597. In this case that includes Officer Combs' observation of marijuana and numerous air fresheners inside the vehicle. Combs' testimony, if believed, permits a reasonable inference that Defendant knowingly and constructively possessed the cocaine. Viewing the evidence in a light most favorable to the State, a reasonable trier of facts could find all of the essential elements of the offense proven beyond a reasonable doubt. Defendant's conviction is supported by legally sufficient evidence.
 {¶ 35} A weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive. State v. Hufnagle (Sept. 6, 1996), Montgomery App. No. 15563, unreported. The proper test to apply to that inquiry is the one set forth in State v. Martin (1983),20 Ohio App.3d 172, 175:
 {¶ 36} "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Accord: State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52.
 {¶ 37} The credibility of the witnesses and the weight to be given to their testimony is a matter for the trier of facts to resolve. State v. DeHass (1967), 10 Ohio St.2d 230. In Statev. Lawson (August 22, 1997), Montgomery App. No. 16288, we observed:
 {¶ 38} "[b]ecause the factfinder . . . has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." Id., at p. 4.
 {¶ 39} This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of facts lost its way in arriving at its verdict. State v. Bradley (Oct. 24, 1997), Champaign App. No. 97-CA-03."
 {¶ 40} By its guilty verdict, the trier of facts in this case the trial court, chose to not believe Defendant's version of the events that the drugs found inside his vehicle belonged to one of Defendant's employees and not Defendant. The credibility of the witnesses and the weight to be given to their testimony are matters primarily for the trier of facts to resolve. DeHass,supra. The trial court did not lose its way simply because it chose to believe the state's witnesses rather than Defendant's witnesses, which it was entitled to do.
 {¶ 41} In reviewing this record as a whole, we clearly cannot say that the evidence weighs heavily against a conviction, that the trial court lost its way in choosing to believe the State's witnesses, or that a manifest miscarriage of justice has occurred. Defendant's conviction is not against the manifest weight of the evidence.
 {¶ 42} The second assignment of error is overruled. The judgment of the trial court will be affirmed.
Wolff, J. And Walters, J., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).