OPINION
{¶ 1} Defendant, Thisia Jackson, appeals from his conviction and sentence for trafficking in marijuana.
 {¶ 2} On July 13, 2007, Fairborn Police Officer Mark Miller stopped a vehicle matching the description of a vehicle that had been involved in a hit-skip accident a short time *Page 2 
before. Defendant, the driver, admitted to the hit-skip.
 {¶ 3} When he first stopped Defendant's vehicle, Officer Miller detected an odor that he recognized to be marijuana coming from inside. While speaking with Defendant, Officer Miller observed an open ziplock bag containing marijuana that was inside an open shopping bag on the vehicle's floorboard, partially under the driver's seat.
 {¶ 4} Officer Miller ordered Defendant from his vehicle and seized the marijuana and arrested Defendant. Officer Miller conducted a search of Defendant's vehicle that produced a set of scales. A search of Defendant's person produced $298.00 in cash. Officer Miller also seized the scales and cash.
 {¶ 5} Defendant was indicted on one count of trafficking in marijuana, R.C. 2925.03(A)(2), and one count of possession of criminal tools, R.C. 2923.24(A). The criminal tools charge contained a forfeiture specification involving the $298.00 in cash recovered from Defendant's person.
 {¶ 6} Defendant filed a motion to suppress the evidence Officer Miller seized, arguing that it was seized in violation of his Fourth Amendment rights. The court overruled the motion. Defendant then entered a plea of no contest to the trafficking in marijuana charge and the forfeiture *Page 3 
specification and was found guilty. In exchange, the State dismissed the possession of criminal tools charge.
 {¶ 7} The trial court convicted Defendant on his no contest pleas and sentenced Defendant to an eleven month prison term and ordered forfeiture of the $298.00. Defendant appealed to this court from his conviction and sentence.
ASSIGNMENT OF ERROR
 {¶ 8} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT HELD THAT THE CONTRABAND DISCOVERED PARTIALLY UNDERNEATH THE SEAT IN A ZIP-LOCK BAG, AND CONTAINED WITHIN A GREEN SHOPPING BAG, DURING THE WARRANTLESS SEARCH OF DEFENDANT'S VEHICLE, DID NOT VIOLATE THE FOURTH AMENDMENT BECAUSE OF THE PLAIN VIEW EXCEPTION."
 {¶ 9} In reviewing a trial court's decision on a motion to suppress, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence in the record. Accepting those facts as true, the court of appeals then independently determines, as a matter of law and without deference to the trial court's conclusions, whether those facts satisfy the applicable legal standard. State v. Satterwhite (1997), 123 Ohio App.3d 322.
 {¶ 10} The trial court overruled Defendant's motion to *Page 4 
suppress evidence following a hearing. The court stated: "Based upon the testimony and the evidence, the court finds that there was probable cause to stop the Defendant and the drugs seized were in plain view." (Dkt. 26).
 {¶ 11} In State v. Pounds, Montgomery App. No. 21257, 2006-Ohio-3040, at ¶ 19, this court observed:
 {¶ 12} "Warrantless searches are per se unreasonable under the Fourth Amendment subject to only a few well established exceptions. Katz v.United States (1967), 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576. One such established exception is the plain view doctrine. Under the plain view doctrine, police may seize an article when its incriminating nature is immediately apparent to an officer who comes in contact with the item through lawful activity. Coolidge v. New Hampshire (1971), 403 U.S. 443,91 S.Ct. 2022, 29 L.Ed.2d 564; State v. Stiffler, Montgomery App. No. 21008, 2006-Ohio-46. The police officer need not be absolutely certain that the item seen in plain view is contraband or evidence of a crime. It is sufficient if probable cause exists to associate the item with criminal activity. Stiffler, supra."
 {¶ 13} Defendant does not challenge the reasonableness of Officer Miller's stop of Defendant's vehicle on a complaint of a hit-skip. Rather, Defendant challenges Officer Miller's *Page 5 
discovery of the marijuana which led to Defendant's arrest. Defendant argues that Officer Miller could not have seen the contraband from his vantage point outside the vehicle without repositioning himself to do so, that the contraband therefore was not in plain view, and that its incriminating character was not immediately apparent to Officer Miller. These contentions challenge the evidence on which the trial court made its findings. Defendant claims that competent, credible evidence to support those findings is lacking because Officer Miller's testimony "lacks credibility and consistency." (Brief, p. 10).
 {¶ 14} Officer Miller testified at the hearing on Defendant's suppression motion that he had been a police officer with the City of Fairborn for three years (T. 5), that he is familiar with the odor of marijuana (T. 16-17), and that he "smelled the marijuana when I initially approached (Defendant's) car during our first conversation." (T. 12). Officer Miller testified that, following an examination of the front of Defendant's vehicle for damage:
 {¶ 15} ". . . I approached the vehicle from the front of the vehicle. At that time I put my head down closer to the vehicle.
 {¶ 16} "Q And what did you notice if anything, Officer? *Page 6 
 {¶ 17} "A What caught my attention was the unburned smell of marijuana in the vehicle. So I looked closer towards the floorboard and partially underneath the seat. I observed a large zip-lock bag that was opened and it had marijuana in the bag.
 {¶ 18} "Q And this was in plain view?
 {¶ 19} "A Yes, it was
 {¶ 20} "Q Okay. Did you have to move anything to see this?
 {¶ 21} "A No." (T. 8-9).
 {¶ 22} When asked to describe more specifically what he saw and how he saw it, Officer Miller testified:
 {¶ 23} "Q Okay. There was marijuana, it was wrapped in a zip-lock bag is that correct?
 {¶ 24} "A It was not wrapped. It was in a zip-lock bag.
 {¶ 25} "Q It was in a zip-lock bag and the zip-lock bag was in a green plastic shopping bag.
 {¶ 26} "A Yes.
 {¶ 27} "Q And it was tucked under the driver?
 {¶ 28} "A Yes.
 {¶ 29} "Q You couldn't really smell marijuana when it double bagged, could you?
 {¶ 30} "A The bag was open. *Page 7 
 {¶ 31} "Q But the green bag was closed though.
 {¶ 32} "A No, ma'am. Both bags were open.? (T. 11).
 {¶ 33} "* * *
 {¶ 34} "Q Can you describe with a little more detail where the bag was that you could see it through the window while he was sitting in the vehicle?
 {¶ 35} "A Yes, the zip-lock bag looked like it was closed or attempted to be closed in a hurry and shoved under the seat. It was only partially shoved under the seat with the green shopping bag laying open a little bit and the zip-lock bag was wide open.
 {¶ 36} "Q So it was partially under the driver's seat?
 {¶ 37} "A Partially under the driver's seat, yes.
 {¶ 38} "Q And you were standing at the driver's side door?
 {¶ 39} "A I was at the driver's side door at the side-view mirror. I was standing looking face-to-face with Mr. Jackson at that time.
 {¶ 40} "Q And how, if you are looking face-to-face with him could you see between his (sic) heals on the floor of the driver's side?
 {¶ 41} "A It was exposed. Whatever — if he was attempting to cover it up, it wasn't completely covered up." (T. 14-15).
 {¶ 42} Officer Miller's testimony is competent, credible *Page 8 
evidence from which the trial court could find that the marijuana from which the charges against Defendant arose was in Officer Miller's plain view, that he was lawfully in a position to see it, and that its criminal character was immediately apparent to him. Defendant's assignment of error is overruled. The judgment of the trial court will be affirmed.
FAIN, J. And FROELICH, J., concur.
Copies mailed to:
Stephanie R. Hayden, Esq. Jill F. Spielman, Esq. Hon. J. Timothy Campbell *Page 1