[Cite as *State v. Evans*, **2014-Ohio-4703.**]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                  :

    Plaintiff-Appellee                     :          C.A. CASE NO.    25866

v.                                                      :          T.C. NO.    12CR3316

NATHANIEL D. EVANS                       :          (Criminal Appeal from
                                                    Common Pleas Court)

    Defendant-Appellant               :

                                                        :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___24th___ day of ___October___, 2014.

. . . . . . . . . .

TIFFANY C. ALLEN, Atty. Reg. No. 0089369, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

BRIAN A. MUENCHENBACH, Atty. Reg. No. 0088722, 130 W. Second Street, Suite 2103, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}   Defendant-appellant Nathaniel D. Evans appeals his conviction and sentence

for one count of aggravated possession of drugs, Schedule II, oxycodone, in violation of R.C. 2925.11(A), a felony of the fifth degree. Evans filed a timely notice of appeal with this Court on August 14, 2013.

{¶ 2} The incident which forms the basis for the instant appeal occurred on November 2, 2012, when Dayton Police Officer John Beall was working the day shift from 7:30 a.m. to 3:30 p.m., conducting a routine patrol on the east side of Dayton in a marked police cruiser. Officer Beall testified that he had been a member of the Dayton Police Department for twenty-four years.

{¶ 3} At approximately noon on the day in question, Officer Beall observed the driver of a 1997 Buick sedan roll through a stop sign located at the corner of Clover Avenue and Quitman Avenue without coming to a complete stop. Upon observing the traffic violation, Officer Beall began following the vehicle. Officer Beall also ran the vehicle's license plates and found that the plates on the sedan were actually registered to a 1994 Dodge vehicle. At that point, Officer Beall activated his overhead lights and initiated a traffic stop of the sedan as it turned onto South Keowee Street.

{¶ 4} Upon approaching the vehicle, Officer Beall informed the driver, later identified as Evans, of the stop sign violation and the fact that his license plates did not match the vehicle he was driving. Officer Beall asked Evans for his drivers license. While Evans was looking for his license, he made several movements described as "furtive" by Officer Beall. Specifically, Officer Beall observed Evans reach into his back pocket, reach over to the glove compartment on the passenger side of the vehicle, and reach under the armrest next to him. Evans also appeared very nervous and looked over his left shoulder

several times. Evans failed to locate his license. Officer Beall testified that he ordered Evans out of the vehicle at this point because he was concerned for his own safety. After Evans exited the vehicle, Officer Beall observed a four-inch long blue glass pipe with residue in the bowl sitting in the middle of the driver's seat. Based on his training and experience, Officer Beall testified that he identified the glass pipe as being used to smoke marijuana or other illegal drugs.

{¶ 5} Officer Beall asked Evans if he had any other contraband in his possession. Evans responded in the affirmative, stating that he had marijuana in his front pocket. Officer Beall recovered approximately five grams of marijuana from Evans' front pocket and placed him in the rear of his cruiser. Officer Beall returned to Evans' vehicle to recover the glass pipe and search the driver's seat area of the vehicle in order to determine whether there was additional contraband or weapons present. In the center console, Officer Beall discovered a brown pill bottle with no label affixed to it. Officer Beall opened the bottle and found twenty-one pills, each marked with a serial number. Officer Beall contacted poison control and provided the serial number in order to identify the pills. The pills were identified as oxycodone.

{¶ 6} Officer Beall returned to his cruiser and, without first advising him of his *Miranda* rights, asked Evans if he had a prescription for oxycodone. Evans stated that he did not have a prescription. Officer Beall subsequently arrested Evans for felony possession of drugs. Officer Beall then conducted an inventory search of the vehicle wherein he discovered Evans' driver's license and the title to the sedan inside the glove compartment. The title indicated that Evans had recently purchased the vehicle. Officer Beall had the

vehicle towed away.

**{¶ 7}** On February 4, 2013, Evans was indicted for aggravated possession of drugs. At his arraignment on February 19, 2013, Evans stood mute, and the trial court entered a plea of not guilty on his behalf. Evans filed a motion to suppress on March 5, 2013, in which he argued that Officer Beall did not have probable cause to believe that he was engaged in or about to engage in criminal activity when he was taken into custody. Evans asserted that any evidence seized during the subsequent search of the vehicle was subject to suppression. Evans also argued that any statements he made without the benefit of being informed of his constitutional rights should have been suppressed. A hearing was held on Evans' motion on June 7, 2013.

**{¶ 8}** On June 24, 2013, the trial court issued a decision sustaining Evans' motion to suppress with respect to his statements about the oxycodone, and overruling the motion in part as it related to the discovery of oxycodone in the vehicle pursuant to a search thereof. On July 8, 2013, Evans entered a plea of no contest to the charged offense. The trial court found Evans guilty of aggravated possession of drugs, sentenced him to five years of community control, and suspended his driver's license for six months.

**{¶ 9}** Evans appeals the trial court's decision overruling that portion of his motion to suppress regarding the search and seizure of the oxycodone from his vehicle.[1]

**{¶ 10}** Evans sole assignment of error is as follows:

---

[1] Evans' original appeal was initially filed as an *Anders* brief. Upon review, we concluded that a potentially meritorious issue existed for appeal. Thus, we appointed new appellate counsel to represent Evans. Appointed counsel filed the instant merit brief on May 28, 2014.

{¶ 11} "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE IN PART."

{¶ 12} In his sole assignment, Evans contends that the trial court erred when it overruled the portion of his motion to suppress related to the search of his vehicle and seizure of the oxycodone found therein. Evans argues that the search of his vehicle was not proper under any of the enumerated exceptions to the warrant requirement, including the inventory search, incident to arrest, nor the automobile exception. Therefore, Evans asserts that any evidence obtained as a result of the search must be excluded.

{¶ 13} As this Court has previously noted:

"Appellate courts give great deference to the factual findings of the trier of facts. (Internal citations omitted) . At a suppression hearing, the trial court serves as the trier of fact, and must judge the credibility of witnesses and the weight of the evidence. (Internal citations omitted). The trial court is in the best position to resolve questions of fact and evaluate witness credibility. (Internal citations omitted). In reviewing a trial court's decision on a motion to suppress, an appellate court accepts the trial court's factual findings, relies on the trial court's ability to assess the credibility of witnesses, and independently determines whether the trial court applied the proper legal standard to the facts as found. (Internal citations omitted). An appellate court is bound to accept the trial court's factual findings as long as they are supported by competent, credible evidence." *State v. Hurt*, Montgomery App. No. 21009, 2006-Ohio-990.

*State v. Purser*, 2d Dist. Greene No. 2006 CA 14, 2007-Ohio-192, ¶ 11.

{¶ 14} The State does not dispute that the warrantless search of Evans' vehicle did not meet the criteria for the inventory search or search incident to a lawful arrest exceptions under the Fourth Amendment. The State, however, argues that the warrantless search conducted by Officer Beall was lawful under the plain view and automobile exceptions to the warrant requirement.

{¶ 15} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution protect individuals from unreasonable searches and seizures. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *State v. Pressly*, 2d Dist. Montgomery No. 24852, 2012-Ohio-4083, ¶ 18. "Under applicable legal standards, the State has the burden of showing the validity of a warrantless search, because warrantless searches are 'per se unreasonable under the Fourth Amendment – subject only to a few specifically established and well delineated exceptions.' " *State v. Hilton*, 2d Dist. Champaign No. 08-CA-18, 2009-Ohio-5744, ¶ 21-22, citing *Xenia v. Wallace*, 37 Ohio St.3d 216, 218, 524 N.E.2d 889 (1988). Exigent circumstances are a well-established exception to the Fourth Amendment's warrant requirement. *State v. Andrews*, 177 Ohio App.3d 593, 2008-Ohio-3993, 895 N.E.2d 585,¶ 23 (11th Dist.); *State v. Berry*, 167 Ohio App.3d 206, 2006-Ohio-3035, 854 N.E.2d 558,¶ 12 (2d Dist.).

{¶ 16} The plain view exception to the warrant requirement applies in situations where (1) the original intrusion by which the police viewed the item was lawful; (2) the discovery of the evidence was inadvertent; and (3) the incriminating nature of the evidence was immediately apparent. *State v. Williams*, 55 Ohio St.2d 82, 85, 377 N.E.2d 1013 (1978),

citing *Coolidge v. New Hampshire*, 403 U.S. 443, 446, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

{¶ 17} Officer Beall first observed Evans fail to come to a complete stop at the intersection of Clover Avenue and Quitman Avenue. After following Evans for a short distance, Officer Beall ran the vehicle's plates and discovered that the plates on the sedan were actually registered to another vehicle. Based on a stop sign violation and the vehicle registration issue, Officer Beall initiated a valid traffic stop of the sedan as it turned onto South Keowee Street. Evans failed to produce his driver's license and made what the officer legitimately characterized "furtive movements." Further Officer Beall characterized Evans as acting in a nervous manner. Officer Beall testified that Evans' behavior made him fear for his safety. The trial court found Officer Beall's testimony regarding the details of the stop to be credible. In order to ensure his safety, Officer Beall ordered Evans out of the vehicle. When Evans exited the vehicle, Officer Beall immediately observed a marijuana pipe in plain view in the driver's seat where he had been sitting.

{¶ 18} Under the well-established automobile exception to the Fourth Amendment's warrant requirement, police may conduct a warrantless search of a vehicle if there is probable cause to believe that the vehicle contains contraband, and exigent circumstances necessitate a search or seizure. *State v. Mills,* 62 Ohio St.3d 357, 367, 582 N.E.2d 972 (1992); *Chambers v. Maroney,* 399 U.S. 42, 48, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). A vehicle's mobility is the traditional exigency for this exception to the warrant requirement. *Mills* at 367; *California v. Carney,* 471 U.S. 386, 393, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985). "If a car is readily mobile and probable cause exists to believe it

contains contraband, the Fourth Amendment * * * permits police to search the vehicle without more." *Pennsylvania v. Labron*, 518 U.S. 938, 940, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996). The automobile exception does not have "separate exigency requirement" beyond the vehicle's mobility. *Maryland v. Dyson*, 527 U.S. 465, 467, 119 S.Ct. 2013, 144 L.E.2d 442 (1999). Moreover, "[t]he immobilization of the vehicle or low probability of its being moved or evidence being destroyed does not remove the officers' justification to conduct a search pursuant to the automobile exception." *State v. Russell*, 2d Dist. Montgomery No. 19901, 2004-Ohio-1700, ¶ 34.

{¶ 19} It is apparent that Evans' vehicle was readily mobile, as demonstrated by the fact that his vehicle was stopped as he drove along on Keowee Street. Accordingly, this case turns on whether Officer Beall had probable cause to believe that his vehicle contained contraband. After observing the pipe in plain view and recovering marijuana from Evans' front pocket, Officer Beall had sufficient probable cause to believe that the vehicle may contain additional contraband, thus justifying a search of the vehicle under the automobile exception to the warrant requirement. *State v. Pounds*, 2d Dist. Montgomery No. 21257, 2006-Ohio-3040 (police officer's observation of marijuana on the passenger floor gave him probable cause to believe that the defendant's vehicle contained other contraband; thus, police officer was entitled to search the vehicle pursuant to the automobile exception to the warrant requirement). Thus, Officer Beall possessed the authority to search the interior of Evans' vehicle, including the center console wherein he discovered the unlabeled pill bottle containing what was later found to be oxycodone for which Evans did not have a prescription. In light of the foregoing, we conclude that Evans' Fourth Amendment rights

were not violated by Officer Beall's search of his vehicle, and the trial court properly overruled that portion of his motion to suppress evidence that sought suppression of the seized oxycodone.

{¶ 20} Because Officer Beall's search of Evans' vehicle was lawful under the automobile exception, we need not discuss whether the search was also lawful as an inventory search or search incident to an arrest. See *State v. Moore*, 2d Dist. Montgomery No. 24934, 2012-Ohio-4315, ¶ 16.

{¶ 21} Evans' sole assignment of error is overruled.

{¶ 22} Evans' sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, P.J. and WELBAUM, J., concur.

Copies mailed to:

Tiffany C. Allen
Brian A. Muenchenbach
Hon. Michael W. Krumholtz