[Cite as *State v. Brown*, 2019-Ohio-3684.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28153 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-1758 |
| | : | |
| DONTRAVES D. BROWN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 13th day of September, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by LISA M. LIGHT, Atty. Reg. No. 0097348, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

ADAM J. ARNOLD, Atty. Reg. No. 0088791, 120 West Second Street, Suite 1717, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Dontraves Brown entered a no contest plea after his motion to suppress evidence was overruled, and he was found guilty of aggravated possession of drugs. The trial court correctly overruled Brown's motion to suppress. Thus, the trial court's judgment will be affirmed.

**Facts and Procedural History**

{¶ 2} This factual recitation mirrors the factual findings set forth in the trial court's decision overruling Brown's suppression motion.

{¶ 3} Dayton police officers Mark Orick and Ross Nagy were on patrol when, after dark, they pulled into the parking lot of Gina's Liquor located on Germantown Road. As they entered the parking lot, the officers saw a Chevy Tahoe parked in the lot, and they further noticed that the Tahoe's occupant (who turned out to be Brown) was closely watching the officers' cruiser as it drove through the lot. This prompted the officers to drive toward the Tahoe. As the cruiser approached, Brown exited the Tahoe and quickly walked into the liquor store.

{¶ 4} The officers parked and exited the cruiser. Using flashlights, they peered into, but did not in any fashion enter, the now unoccupied Tahoe. In the area between the driver's seat and the front passenger seat, Orick observed a plastic bag containing what he immediately recognized, based upon his experience, as probable methamphetamine. Orick informed Nagy of his observation. At this point, Brown exited the liquor store. Nagy, seeing Brown, seized the probable methamphetamine. Immediately thereafter, Brown was arrested.

{¶ 5} The seized substance was confirmed to be methamphetamine, and Brown

was indicted for aggravated possession of drugs, a second degree felony. After his suppression motion was overruled, Brown pleaded no contest to the indicted charge and was found guilty. The trial court imposed a mandatory two-year prison term. This appeal followed.

## Standard of Review

{¶ 6} When reviewing a decision on a motion to suppress, an appellate court must accept the trial court's factual findings as long as the findings are supported by credible evidence. *State v. Walker*, 2d Dist. Montgomery No. 24542, 2010-Ohio-847, ¶ 17. But an appellate court's review of the trial court's legal conclusions is de novo. *Id.*

## Analysis

{¶ 7} Brown's sole assignment of error is as follows:

THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS EVIDENCE BECAUSE THERE WAS NO LAWFUL STOP, THERE WAS NO REASONABLE ARTICULABLE SUSPICION THAT CRIMINAL ACTIVITY WAS AFOOT, AND THE SEARCH AND SEIZURE WAS UNLAWFUL.

{¶ 8} The officers did not conduct a search implicating the Fourth Amendment when they looked through the Tahoe's windows. A driver "possesses 'no legitimate expectation of privacy shielding that portion of the interior of an automobile which may be viewed from outside the vehicle by either inquisitive passersby or diligent police officers.' " *State v. Thompson*, 2d Dist. Montgomery No. 25658, 2013-Ohio-4825, ¶ 11, quoting *State*

*v. Bazrawi*, 10th Dist. Franklin No. 12AP-1043, 2013-Ohio-3015, ¶ 16. *See also State v. McClain*, 2d Dist. Montgomery No. 19710, 2003-Ohio-5329. Moreover, an officer's use of a flashlight to better illuminate a vehicle's interior does not convert the officer's action into a search implicating the Fourth Amendment. *Texas v. Brown*, 460 U.S. 730, 740, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983) ("[T]he use of artificial means to illuminate a darkened area simply does not constitute a search, and thus triggers no Forth Amendment protection."). *See also State v. Lewis*, 2d Dist. Montgomery No. 22726, 2009-Ohio-158, ¶ 15; *State v. Dooley*, 2d Dist. Clark No. 2014-CA-3, 2015-Ohio-343, ¶ 23.

{¶ 9} The officers' immediate recognition that the observed bag contained probable methamphetamine triggers a plain view discussion. An item is subject to a warrantless seizure when the seizing officer is in a place he is entitled to be, and the officer, upon observing the item, immediately recognizes it as probable contraband or other evidence of criminal activity. *Dooley* at ¶ 21, quoting *Thompson* at ¶ 13, quoting *State v. Pounds*, 2d Dist. Montgomery No. 21257, 2006-Ohio-3040, ¶ 19. An officer does not need to be "absolutely certain" the item is contraband or other evidence of a crime; probable cause regarding the item's incriminating nature is sufficient. *Id.,* quoting *Pounds* at ¶ 19, citing *State v. Stiffler*, 2d Dist. Montgomery No. 21008, 2006-Ohio-46, ¶ 15.

{¶ 10} Officers Orick and Nagy were in a place (a public parking lot) where they were entitled to be, and, while so positioned, saw and instantly recognized probable methamphetamine inside the Tahoe. Having observed the probable methamphetamine in plain view inside Brown's vehicle, the officers were entitled to seize the evidence as

probable contraband.   *See Pounds* at ¶ 21.   Thus, the seizure of the methamphetamine did not violate the Fourth Amendment.

{¶ 11} Brown's assignment of error is overruled.

## Conclusion

{¶ 12} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and DONOVAN, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Lisa M. Light
Adam J. Arnold
Hon. Richard Skelton